**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 23-96-DLB-CJS**

**KEVIN L. ADAMS**                                                                       **PLAINTIFF**

**MEMORANDUM OPINION AND ORDER**

**v.**

**WARDEN JAMES DAVID GREEN, et al.**                                   **DEFENDANTS**

*** *** *** ***

This matter is before the Court upon the January 30, 2026 Report and Recommendation ("R&R") of United States Magistrate Judge Candace J. Smith (Doc. # 51), wherein she recommends that the Court grant Defendants' pending Motion for Summary Judgment (Docs. # 35)[1] and that the Court deny *pro se* Plaintiff Kevin L. Adams's Motion Pursuant to Federal Rule of Civil Procedure 18(b) Joinder of Contingent Claims (Doc. # 31), Motion for Nonjoinder Pursuant to Federal Rule of Civil Procedure 21 (Doc. # 32), and Motion to Add Nonjoinder Pursuant to Federal Rule of Civil Procedure 26(a)(1)(i) (Doc. # 43).

Adams having filed Objections to the R&R (Doc. # 52), and Defendants choosing not to respond to those Objections (*see* Doc. # 53), the R&R is ripe for review. For the following reasons, Adams's Objections are **overruled**, the R&R is **adopted**, Defendants' Motion for Summary Judgment is **granted**, and Plaintiff's pending motions are **denied**.

---

[1]    Defendants are Warden James D. Green, Lieutenant Dustin Henderson, Lieutenant Nathan Elam, Sergeant Clarence Reed, Correctional Officer Tyler Connelly, and Correctional Officer Nathan Cantrell.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The R&R sets forth in detail the factual and procedural history of this case.  (Doc. # 51 at 2-6).  Simply stated, in August 2022, Adams was a prisoner at the Eastern Kentucky Correctional Complex when he was subjected to a strip search as he was leaving the kitchen area.  In his Complaint, Adams claims that the strip search violated his Fourth, Eighth, and Fourteenth Amendment rights.  (Doc. # 1).   Defendants have moved for summary judgment on all of Adams's claims.  (Doc. # 35).  As discussed in more detail in the next section, the R&R recommends Defendants' dispositive motion be granted.  (Doc. # 51).  It further recommends that various motions by Adams seeking to add claims or parties be denied.  (*Id.*).

## II.    REPORT AND RECOMMENDATION

The R&R first addresses Adams's Motion for Nonjoinder Pursuant to Federal Rule of Civil Procedure 21, wherein Adams asks the Court to join Correctional Lieutenant Danielle Price as a Defendant to this action. (Doc. # 32). The R&R further addresses the claims Adams sought to join through his Motion Pursuant to Federal Rule of Civil Procedure 18(b) Joinder of Contingent Claims. (Doc. # 31).  The R&R concludes that both of these motions should be denied.  Similarly, the R&R recommends that Adams's Motion to Add Nonjoinder Pursuant to Federal Rule of Civil Procedure 26(a)(1) (Doc. # 51) be denied.

The R&R then turns it attention to Defendants' Motion for Summary Judgment. (Doc. # 51).  Therein, the R&R concludes that the exhaustion requirement of the Prison Litigation Reform Act does pose a barrier for the Court's consideration of Adams's claims on the merits.   Then, the R&R concludes that Adams's claims fail on the merits.

2

Specifically, it finds that: he cannot succeed on any Fourteenth Amendment claim because he was a prisoner, not a pretrial detainee; he cannot succeed on any Eighth Amendment claim because "the evidence does not support a finding of malicious intent to harass or cause harm by Defendants"; and he cannot succeed on any Fourth Amendment claim because he did not show that certain Defendants had personal involvement in the search and because he did not show that the search was unreasonable under the controlling factors.

## III.    ANALYSIS

### A.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion."  Under Federal Rule of Civil Procedure 72(b)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations."  The district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  Failure to adequately object to a magistrate judge's report and recommendation waives a party's right to appeal a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Thomas v. Arn*,

3

474 U.S. 140, 147 (1985) (footnote omitted).  Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001).  "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)); *see also Holl v. Potter,* No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

## B.    Adams's Objections

On February 26, 2026, the Clerk of Court received and docketed objections by Adams to the R&R.  (Doc. # 52 (titled "14-day reply of Specific Objections to ORDER 1/30/26)).  The Court gave Defendants an opportunity to respond to Adams's Objections (Doc. # 53), but no response from Defendants has been filed.  As a general observation, like many of Adams's filings, his Objections are difficult to discern.  Even so, the Court understands Adams to challenge the R&R in the following ways.

In his first and second objections (Doc. # 52 at 1; *see also* R. 52-1), Adams seems to argue that Defendants violated a certain policy ("Policy of I.P.P. 'EKCC 09-08-01'")

4

because the search was recorded by a fixed camera at the facility, not a "hand-held private" camera.[2]  This objection lacks merit.

Under the relevant case law, when a prisoner alleges a constitutionally unreasonable search:

> [t]he test of reasonableness under the Fourth Amendment . . . requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Stoudemire v. Michigan Dep't of Corr.*, 705 F.3d 560, 571 (6th Cir. 2013) (quoting *Bell v. Wolfish,* 441 U.S. 520, 559 (1979)).  In determining reasonableness, courts "first examine the scope, manner, and location of the search—as well as the justification for initiating it—in order to assess the degree to which it invaded the prisoner's right to privacy."  *Id.* They then "evaluate the need for the search, giving due deference to the correctional officer's exercise of her discretionary functions."  *Id.*  Finally, courts must "determine whether the search was reasonably related to legitimate penological interests by weighing the need against the invasion."  *Id.*

Adams's arguments regarding a violation of policy are a relevant consideration within the Court's inquiry into "the scope, manner, and location of the search."  On this point, the R&R notes Adams's assertion that the search should have been conducted in a more private location.  (Doc. # 51 at 21).  It further observes that the officers were not found to have violated prison policy in the search.  (*See id.* at 22 (citing Doc. # 1-2)).  It thus finds Adams's policy arguments do not affect the calculus under the Fourth

---

[2]    Adams made similar arguments in his Response to Defendants' dispositive motion.  (*See, e.g.*, Doc. # 45 at 2).

5

Amendment. Adams's mere disagreement with the conclusion reached by the R&R—that the search was reasonable under the various Fourth Amendment factors—provides no grounds for the Court to reject the R&R.

Further, on this record, Adams fails to show that any violation of policy actually occurred. Additionally, he has not offered any case law that suggests the overall use of security cameras by the prison would violate his constitutional rights. To be sure, the Court suspects Adams would be hard-pressed to find any cases to support that proposition when the case law directs that courts must not underestimate the difficulties of operating a prison. *See Stoudemire*, 705 F.3d at 571. Adams's first and second objections will therefore be overruled.

In his third objection (Doc. # 52 at 1), Adams argues that Defendants violated search policy by omitting his name on the search log and using that as justification to deny his record inquiry attempts.[3] But even if there was a violation of search policy (a conclusion the record does not support), Adams has not shown how any such violation should affect the Court's analysis of reasonableness under the Fourth Amendment. Stated differently, even if Adams's name was added to the log after the fact or if Defendants used the lack of his name on the log as a reason to deny his open records request, Adams has not shown how such actions would establish that the *search* of him *itself* violated the Fourth Amendment under the standard discussed above. This objection will therefore be overruled.

Finally, in his fourth objection, Adams suggests that it was unreasonable for Defendants to search the inmates for sugar packets because they were otherwise able

---

[3] Plaintiff raised this argument in his Response to Defendants' Motion for Summary Judgment (Doc. # 45) and his Motion under Rule 18(b) (Doc. # 31).

6

to purchase sugar packets from the canteen.  (Doc. # 52).  He also suggests "staff satisfactorily inventoried & account[ed] for all tools BEFORE organizing the exodus with non-emergency Strip Search." (Doc. # 52-1).  However, the Court again fails to see how these facts would change the outcome of the Fourth Amendment's analysis.

As the R&R notes, "a search was ordered to abate the possibility that inmates might create weapons or alcohol with items taken from the kitchen, like utensils and sugar packets." (Doc. # 51 at 2).  That prisoners may have otherwise been allowed to have sugar packets (or that the staff had previously searched for tools on them) does little to undercut the Defendants' legitimate penological interest to search for contraband on the prisoners' persons as they were leaving the kitchen.  *See Stoudemire*, 705 F.3d at 573 ("Unquestionably, detecting and deterring the possession of contraband is a legitimate penological objective." (cleaned up)).  Adams's fourth objection will therefore also be overruled.

## IV.    CONCLUSION

For the reasons stated, Adams has failed to raise any meritorious legal objections to Judge Smith's Report and Recommendation.  Accordingly,

**IT IS ORDERED** as follows:

(1)    The Magistrate Judge's Report and Recommendation (Doc. # 51) is **ADOPTED** as the **Opinion** of the Court.

(2)    Adams's Objections (Doc. # 52) to the Report and Recommendation are **OVERRULED.**

(3)    Defendants' Motion for Summary Judgment (Doc. # 35) is **GRANTED**;

7

(4)    Adams's Motion Pursuant to Federal Rule of Civil Procedure 18(b) Joinder of Contingent Claims (Doc. # 31) is **DENIED**;

(5)    Adams's Motion for Nonjoinder Pursuant to Federal Rule of Civil Procedure 21 (Doc. # 32) is **DENIED**;

(6)    Adams's Motion to Add Nonjoinder Pursuant to Federal Rule of Civil Procedure 26(a)(1)(i) (Doc. # 43) is **DENIED**; and

(7)    This civil action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's docket.

A separate Judgment shall be entered contemporaneously herewith.

This 24th day of March 2026.



Signed By:

David L. Bunning

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2023\23-96 Order Adopting R&R.docx